AO 91 (Rev. 11/11) Criminal Complaint  AUSA: Susan Fairchild  Telephone: (313) 226-9577
Officer: Jason Armstrong  Telephone: (313) 319-9263

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Jakub WLOSTOWSKI,

Case No. 25-30179

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 14, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a), (b)(1) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

On or about March 14, 2025, in the Eastern District of Michigan, Southern Division, Jakub WLOSTOWSKI, an alien from Canada, who had previously been convicted of a felony offense and was subsequently denied admission, excluded, deported, and removed therefrom on or about May 22, 2020, was found in the United States without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), (b)(1).

☐ Continued on the attached sheet.

_____
Complainant's signature

Jason Armstrong, Deportation Officer
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: March 25, 2025

_____
Judge's signature

City and state: Detroit, MI

Elizabeth Stafford U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Jason Armstrong, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) of the United States Department of Homeland Security (DHS) at the Detroit Field Office. I have been employed in this capacity since September 2017. I am currently assigned to the Detroit ICE/ERO Criminal Alien Program. Previously, I served as an Investigative Analyst with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for approximately two years and as a Correctional Officer with the Bureau of Prisons (BOP) for approximately five years.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and an arrest warrant for Jakub WLOSTOWSKI, a native of Poland and citizen of Canada, who has violated Title 8, United States Code, Section 1326(a), unlawful re-entry following removal from the United States.

3. The information contained in this affidavit is based upon my personal knowledge and observations, information provided by other law enforcement personnel to include ICE/ERO Deportation Officers, and database record checks. I have also reviewed records from the official immigration file and system automated data relating to WLOSTOWSKI. I have not included every fact known to law enforcement related to this investigation.

## PROBABLE CAUSE

4. WLOSTOWSKI is a forty-eight-year-old citizen and a native of Canada who last entered the United States on an unknown date, at an unknown place, without being inspected and admitted or paroled by an immigration officer.

5. On or about July 05, 1997, Customs and Border Protection (CBP) at Detroit, Michigan refused WLOSTOWSKI entry into the United States. CBP cited Public Charge as the reason for refusal.

1

6. On or about January 18, 1998, Customs and Border Protection (CBP) at Detroit, Michigan refused WLOSTOWSKI entry into the United States. CBP cited Public Charge as the reason for refusal.

7. On or about June 19, 2002, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for the offense of Improper Plates and he was ordered to pay fines.

8. On or about February 17, 2004, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for the offense of Operating without a License and was ordered to pay fines.

9. On or about June 13, 2006, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for the offense of Open Intoxicants - Passenger and he was again ordered to pay fines.

10. On or about June 13, 2006, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for two separate charges of Income Tax Violation and he was ordered to pay fines.

11. On or about January 9, 2007, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for the offense of Disorderly Person and he was ordered to pay fines.

12. On or about June 14, 2010, the 31st District Court in Hamtramck, MI, convicted WLOSTOWSKI for the offense of Disorderly Person. WLOSTOWSKI was ordered to pay fines.

13. On or about October 26, 2010, the 36th District Court in Detroit, MI convicted WLOSTOWSKI for the offense of Open Intoxicants Passenger and he was ordered to pay fines.

14. On or about October 27, 2010, the 37th District Court in Warren, MI convicted WLOSTOWSKI for the offense of Fail to Display a Valid License and he was ordered to pay fines.

15. On or about May 16, 2011, WLOSTOWSKI filed a Petition for Alien Relative with United States Citizenship and Immigration Services (USCIS).

16. On or about January 30, 2012, USCIS approved WLOSTOWSKI'S Petition for Alien Relative.

17. On September 22, 2011, WLOSTOWSKI filed an Application to Register Permanent Residence or Adjust Status with USCIS. On or about April 5, 2012, USCIS denied his Application.

18. On or about May 03, 2012, WLOSTOWSKI filed a Notice of Appeal of his Application to Adjust Status denial with USCIS.

19. On or about June 27, 2013, the 31st District Court in Hamtramck, MI charged WLOSTOWSKI for the offense of Domestic Violence, misdemeanor. The charges were subsequently dismissed.

20. On or about August 5, 2013, the 3rd Circuit Judicial Court in Detroit, MI convicted WLOSTOWSKI for the offense of Assault and Battery (Domestic) and sentenced him to 1-year probation. Two counts of CSC 4 were dismissed.

21. On or about October 30, 2013, ICE served WLOSTOWSKI with a Notice to Appear at the Detroit Field Office.

22. On November 18, 2013, the Immigration Judge granted WLOSTOWSKI a bond in the amount of $8000. The judge ordered as a condition of the bond that WLOSTOWSKI "Abstain from Alcohol".

23. On November 19, 2013, WLOSTOWSKI posted the bond and was released from ICE custody.

24. On July 10, 2016, the Hamtramck Police Department arrested WLOSTOWSKI and charged him with Assault -Excluding Sexual. On or about November 6, 2016, the charges were not prosecuted.

25. On or about July 15, 2016, USCIS granted WLOSTOWSKI's appeal of his Application to Adjust Status and set aside the decision. They reopened the application.

26. On or about August 24, 2016, USCIS denied WLOSTOWSKI's Application to Adjust Status after he failed to appear for his scheduled interview.

27. On or about October 13, 2017, WLOSTOWSKI's attorney filed another Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents with the Immigration Court.

28. On or about February 14, 2018, WLOSTOWSKI's custody status was re-determined, and his bond was cancelled. WLOSTOWSKI violated the conditions of his bond set forth by the Immigration Judge stating that he must "Abstain from Alcohol".

29. On or about April 25, 2018, the Immigration Judge in Detroit, MI, ordered WLOSTOWSKI removed to Canada at Detroit, MI.

30. On or about April 27, 2018, ICE Officers removed WLOSTOWSKI to Canada via the Detroit-Windsor tunnel.

31. On or about January 4, 2020, the Hamtramck Police Department arrested WLOSTOWSKI on assault charges. The charges were later dismissed.

32. On or about January 7, 2020, ICE ERO Detroit apprehended WLOSTOWSKI following his release by the Hamtramck Police Department and served him with a Notice of Intent / Decision to Reinstate Prior Order. He was referred for federal prosecution.

33. On or about May 11, 2020, WLOSTOWSKI was convicted in the United States District Court, Eastern District of Michigan, of Unlawful Re-Entry, in violation of 8 U.S.C. §1326(a) and was sentenced to time served (approximately 4 months).

34. On or about May 22, 2020, ICE Officers removed WLOSTOWSKI to Canada via the Detroit-Windsor tunnel.

35. On or about March 13, 2025, the Hamtramck Police again arrested WLOSTOWSKI on assault charges. This incident involved a domestic dispute during which the victim claimed that WLOSTOWSKI, who was her live-in boyfriend, struck her in the face and arms and pushed her to the ground. The charges were later dismissed because the victim declined to pursue charges.

36. On or about March 14, 2025, ICE-ERO arrested WLOSTOWSKI after he was released by the Hamtramck Police Department and transported him to the ICE/ERO Detroit Field Office for processing.

37. The arrest and subsequent detention of WLOSTOWSKI was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

38. WLOSTOWSKI's fingerprints and photograph were captured and searched in the ICE/FBI systems. The fingerprints returned with a positive match for Jakub WLOSTOWSKI, a native of Poland and citizen of Canada, who had previously been removed from the United States.

39. A review of WLOSTOWSKI's immigration file, record checks, and queries in the U.S. Department of Homeland Security databases confirmed that WLOSTOWSKI did not obtain the permission or express consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States following his removal on May 22, 2020.

40. On March 14, 2025, ICE/ERO served WLOSTOWSKI with a Notice of Intent/Decision to Reinstate Prior Order.

## CONCLUSION

41. Based on the above information, I believe there is probable cause to conclude that Jakub WLOSTOWSKI is native of Poland and citizen of Canada who was previously convicted of a felony offense and was subsequently removed from the United States on or about May 22, 2020, at or near Detroit, MI, and was thereafter found by immigration authorities in the United States, on or about March 14, 2025, in the Eastern District of Michigan, without having obtained the express consent or permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of Title 8, United States Code, Sections 1326(a), (b)(1).

Jason Armstrong, Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me in my
presence and/or by reliable electronic means.

*Elizabeth A. Stafford*
Honorable Elizabeth Stafford
United States Magistrate Judge